The opinion of the Court was delivered hy
Gibson, C. J.
The objections to the verdict, depend on the nature *of the original contract of affreightment. Coe and Lewis undoubtedly chartered their part of the Globe’s tonnage — 540 tons — jointly; and they were jointly liable for it to the owners; but were they joint owners of it betwixt themselves? Their property in it was severed in all respects but liability to the owners for it, by an express clause in the charter party, containing an agreement of Coe to freight 375 tons, and of Lewis to freight the residue. There may be a partnership which is to cease with the act of purchase, the thing bought being divided by the act which vests the title; for a clause in a contract of purchase, that an exclusive property in the casks or packages should vest in the one or the other, according to mark or brand, would undoubtedly sever the ownership.; — and why should it not sever the ownership of freight purchased on the same terms ? Coe and Lewis, therefore, stood in no joint relation but that of liability. They were tenants in common of an undivided portion of the ship; and their interests being several, might be disposed of in severalty. ■ Lewis was competent, therefore, to prove the defendant’s contract to have been with Coe. The original charter party, in the name of the firm, was sealed only by one of the' owners, and it is certain that an action on it could have been maintained only against Mm who sealed it. But this action is not founded on it. It is brought for the price of the freight sold by the plaintiff to the defendant, and the instrument is no further material than as it affords evidence of the ownership of the freight. But the contract of affreightment need not be by specialty; and subsequent assent to it by a party not originally bound, would *573 make it a valid contract by parol, which is all that is necessary to show the ownership of the freight to have been in the plaintiff. Now, the receipt of its price by the owners, is a full ratification of the original agreement; and there was therefore no contract to carry the defendant’s goods by the owners of the ship, but a contract to carry by the plaintiff, on which this action may well be maintained. Consequently, there is no reason to disturb the verdict.
Judgment for the plaintiff.
Cited by Counsel, 3 Barr, 359.